UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| DAVID K. COX, JONATHAN COX, and JOHN L. MORELAND, <br><br> Plaintiffs, <br> v. <br><br> CITY OF MONTICELLO, an Illinois municipal corporation, and DAVID BALLARD, <br><br> Defendants. | Case No. 09-2178 |

# ORDER

Plaintiffs David Cox, Jonathan Cox, and John Moreland filed a Complaint (#1-1) against Defendants City of Monticello and David Ballard in June 2009 in the Circuit Court of the Sixth Judicial Circuit, Piatt County, Illinois. Plaintiffs brought suit against Defendants under § 1983 for violations of the Fourth Amendment.[1] In July 2009, Defendants removed the case to federal court (#1). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In April 2011, Defendants filed a Motion for Summary Judgment by Defendants Officer David Ballard and City of Monticello (#17). Plaintiffs filed Plaintiffs Response to Defendants Motion for Summary Juidgment [sic] (#19). Defendants filed Defendants' Reply in Support of Motion for Summary Judgment (#20). After reviewing the parties' pleadings, memoranda, and submitted evidence, this Court hereby **GRANTS** the Motion for Summary Judgment by Defendants Officer David Ballard and City of Monticello **(#17)**.

---

[1] Plaintiffs' complaint included other counts alleging various torts. This Court dismissed these counts, and so only the claims brought under § 1983 remain.

## I. Background

The following background is taken from the undisputed material facts.[2] Plaintiffs claim that Defendants violated Plaintiffs' constitutional rights when Officer Ballard entered Plaintiff David Cox's private law office, detained Plaintiffs, and searched the office.

The incident took place on June 23, 2007, on a Saturday afternoon. According to the undisputed material facts, Officer David Ballard and Officer Jason Shumard were on patrol as police officers for the City of Monticello. In response to a dispatch call, they arrived at First Mid Bank, where a bank alarm was going off. The entrance doors were locked, and so the officers called a bank employee known as a "key holder" to come to the bank. The bank employee arrived, unlocked the door, and shut the bank alarm off. Once in the bank lobby, the officers began searching the bank.

From there, the officers left the main bank area to continue their search. As discussed in more detail below, First Mid Bank shares walls with adjacent buildings, which contain other businesses and offices. Ultimately, the officers came upon the private law office of Plaintiff David Cox. Cox was in the office with his son, Plaintiff Jonathon Cox, and his law clerk, Plaintiff John Moreland. Officer Ballard approached the room where Plaintiffs were sitting, and looked in, pointing his service handgun. Throughout the search of the bank and building, the officers had their guns drawn. Officer Ballard asked David Cox for identification, and told him that the bank alarm was going off and they were looking for bank robbers. Further details of this interaction are in dispute, and discussed below.

## II. Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

---

[2]Defendants list "Undisputed Material Facts" at #17, p. 4-7. Plaintiffs confirm that, of those facts, the following paragraphs are actually undisputed: ¶¶ 1, 2, 5, 7, 8, 9, 10, 17, 18, 19, 20, 21, 22, 24, and 27.

56(a).  In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence, whether any material factual dispute exists that requires a trial.  *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994).  A factual dispute is material only if its resolution might affect the outcome of the suit under governing law.  *Id*.  The party seeking summary judgment bears the initial burden of showing that no such issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Furthermore, the Court must draw all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  However, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence.  *Celotex*, 477 U.S. at 322-23.

### III.  Disputed Facts

The Court cannot grant summary judgment where there are genuine issues of material fact.  As such, the Court will discuss the disputed facts, and consider whether they are material.  There are two main areas in which the parties' versions of events are in dispute.  First, parties at least nominally dispute details concerning the layout of the building, and the accessability of Cox's law office from the bank.  Second, the parties dispute the details in the interaction between Officer Ballard and Plaintiffs in Cox's law office.  The Court will consider each of these subjects in turn.

First, the Court will address details regarding the layout of the building, as Plaintiffs argue that these details are relevant to the reasonableness of Defendants' search.  First Mid Bank is located among a cluster of buildings at 102-106 West Washington Street in Monticello's court house square.  Some of the adjacent buildings share walls.  The office of David K. Cox, Attorney at Law, is located at 112 West Washington Street.  (#19-1).

According to Defendants, on the second floor of First Mid Bank, the officers found an unlocked door that led to a hallway.  The officers proceeded through this hallway, searching offices along their way.  Then, the officers came to a stairway leading down, and followed those

3

stairs down to the front door of Cox's law office. This door is on the first floor, inside the building.

Plaintiffs nominally dispute these facts.[3] Plaintiffs provide an Affidavit by Keith Hays describing the layout and accessibility of the buildings. (#19-1).[4] According to Mr. Hays' affidavit, there is a fire door that permits exit from First Mid Bank, but no entrance, leading to the second floor hallway described by Defendants. This hallway is approximately 110 feet, and the offices along this hallway were vacant. There is a stairway from there down to the outer lobby of 112 West Washington, the building in which Cox's law office is located.

The Court notes that the facts contained in Mr. Hays' affidavit are not materially different than the facts as described by Defendants. Based on both accounts, Cox's law office may be reached from the inside of the bank, with no locked doors or obstructions along the way. Though the bank and the law office are in different buildings, perhaps separated by a considerable distance, the buildings have adjacent walls and unobstructed access. Based on the similarity of the parties' descriptions of the space, the Court concludes there is no genuine issue of material fact related to the buildings in question.

Second, parties dispute details of the interaction between Officer Ballard and Plaintiffs when Officer Ballard entered the law office. The Court will rely on the events as they are described by David Cox in his deposition (#18-1, pp. 4-9). Plaintiff David Cox was sitting at a desk facing the door. Officer Ballard came around the corner without announcing himself, pointing his weapon around the door before showing himself. Officer Ballard did not identify himself as law enforcement. Officer Ballard asked David Cox for identification, while keeping

---

[3]Plaintiffs list the following paragraphs from Defendants' motion as disputed material facts: ¶¶ 3, 4, 6, 11, 12, 13, 14, 16, 23, and 26.

[4]Defendants have raised an issue regarding the sufficiency of Plaintiffs' affidavit containing information regarding the layout of the buildings in question. The Court will not address the issue at this time.

his weapon pointed at Cox. Then, Officer Ballard noticed Plaintiffs Jonathan Cox and John Moreland, who were sitting in chairs along the wall. Office Ballard turned his weapon toward them, holding his weapon inches from the temple of Jonathan Cox, with his finger on the trigger. He then turned back toward David Cox, aiming his gun at Cox's head and neck, with his finger on the trigger. Plaintiff David Cox told Officer Ballard to leave, but he would not do so. Officer Ballard instructed Plaintiffs not to move, but repeatedly insisted that David Cox present identification, which he did not have with him in the office. Officer Shumard appeared after several minutes, which diffused the situation, as Officer Shumard and Plaintiff David Cox recognized each other. Upon leaving, Officer Ballard challenged Plaintiffs to "take your best shot" in reporting his conduct, then left the office without apologizing.

Though Defendants dispute these facts, there is no genuine issue of material fact unless resolution might affect the outcome of the case. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). As such, this Court will rely on Plaintiffs' version of the facts in deciding Defendants' motion for summary judgment.

### IV. Discussion

Defendants argue that this Court should grant summary judgment in their favor because the officers had probable cause to conduct the search and seizure at issue, Officer Ballard is immune from suit, and Plaintiffs' respondeat superior claim against the City of Monticello must fail as a matter of law.

*1. Probable Cause for Search and Seizure*

Defendants argue that the officers had probable cause to conduct the search and seizure at issue.

The Fourth Amendment protects an individual's right to be free from unreasonable searches and seizures. *Elkins v. United States*, 364 U.S. 206, 213 (1960). Searches and seizures are permitted where there is probable cause and exigent circumstances. *United States v. Marshall*, 157 F.3d 477, 481 (7th Cir. 1998). When a court evaluates whether probable cause

existed for a search, it does so based on the facts as they would have appeared to a reasonable person in the position of the arresting officer, stepping in to the shoes of the officer. *Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008); *Kelley v. Myler*, 149 F.3d 641 (7th Cir. 1998). The proper focus of the inquiry is whether the officer "acted reasonably under settled law in the circumstances," not whether another or more reasonable interpretation of events could be construed after the fact. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999). In determining whether exigent circumstances justified a warrantless search, it is the government's burden to prove that it had an objectively reasonable belief that exigent circumstances compelled official action with no time to secure a warrant. *Marshall*, 157 F.3d at 482.

Defendants argue that their search of Plaintiff Cox's law office was reasonable and supported by probable cause. The officers were responding to a bank burglar alarm. There were no locked doors or obstructions to prevent a person from accessing Cox's law office from the inside of the bank. Defendants assert the officers had a reasonable suspicion that there could be a bank robber on the premises.

Plaintiffs respond that the officers lacked probable cause to conduct the search. Plaintiffs note that there had been a problem 'false alarms' of the bank alarm in the past, particularly during lightning storms. Because it was storming on the day in question, and there was no sign of forced entry to the bank, a reasonable officer would have concluded the bank alarm was a false alarm, and that searching Plaintiffs' law office with weapons drawn was not reasonable. Defendant Ballard testified that even though false alarms may occur during storms, the "bad guy" knows this too (#18-5, p. 13).

The determination of probable cause is normally a mixed question of law and fact, but when factual questions are not at issue, the ultimate resolution of probable cause is a question of law. *United States v. Ellis*, 499 F.3d 686, 688 (7th Cir. 2007). Here, parties do not dispute the essential facts, they merely dispute whether the circumstances amounted to probable cause. This Court agrees with Defendants that an officer could reasonably conclude that a thorough search of the premises would be warranted in response to a bank alarm, even if there had been a history of

'false alarms.' In fact, the Court agrees with Defendants that it would have been irresponsible not to search the premises. An officer may reasonably extend the search to Cox's law office, because there were no locked doors or obstructions from the bank to the law office. In summary, this Court concludes, as a matter of law, that the officers had probable cause to conduct a search of Plaintiff Cox's office.

Additionally, Plaintiffs respond that Officer Ballard's seizure of Plaintiffs was not reasonable under the circumstances. The test for determining whether a seizure has occurred for purposes of the Fourth Amendment is expressed in objective terms: a person has been seized if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. McCarthur*, 6 F.3d 1270, 1275 (7th Cir. 1993). Whether a seizure is reasonable is determined by considering the totality of the circumstances. *Green v. Butler*, 420 F.3d 689, 694 (7th Cir. 2005).

Essentially, Plaintiffs submit that it was not reasonable under the circumstances for Officer Ballard to keep guns pointed at them for several minutes, with his finger on the trigger. In support, Plaintiffs note that Plaintiff David Cox was wearing an Indiana University T-shirt, while sitting under his Indiana University School of Law diploma. In other words, there was no reason for Officer Ballard to believe that the Plaintiffs had anything to do with the bank alarm, or that they knew anything about it, and so therefore the seizure was not reasonable.

For the reasons explained below, the Court concludes that it is not necessary to determine whether Officer Ballard's seizure of Plaintiffs was reasonable under the circumstances. With respect to Defendant Ballard, the matter is more efficiently addressed in the discussion of Officer Ballard's qualified immunity. With respect to Defendant City of Monticello, the matter is more efficiently addressed in the discussion of Plaintiffs' respondeat superior claim.

*2. Qualified Immunity*

Qualified immunity shields police officers from suit for damages if a reasonable officer could have believed his actions to be lawful, in light of the clearly established law and the

7

information the officer possessed. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Even officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity. *Id*. The qualified immunity standard gives ample room for mistaken judgments, by protecting all but the plainly incompetent or those who knowingly violate the law. *Id.* at 229. The issue of qualified immunity is a question of law to be determined by the court, following a two-part objective inquiry: (1) whether the plaintiff has asserted a violation of a federal constitutional right, and (2) whether the constitutional standards implicated were clearly established at the time in question. *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995). The plaintiff bears the burden of proof on this two-part test. *Id*.

Plaintiffs have not provided any authority on qualified immunity, or why it should not act as a bar to suit in this case. Plaintiffs state that Officer Ballard showed a fundamental and incompetent lack of judgment. Plaintiffs argue that this interpretation of the facts is supported by the fact that Officer Ballard was suspended, and then resigned. From this, Plaintiffs conclude that "[c]learly, the officer knowingly violated the rights of the Plaintiffs." (#19, p. 9). This is the entirety of Plaintiffs' discussion on qualified immunity in response to Defendants' motion for summary judgment.

Plaintiffs' conclusions are not so self-evident to this Court. Plaintiffs have testified that Defendant Ballard had his finger on the trigger while aiming his gun at Plaintiffs. But, Plaintiffs provide no authority to indicate that this violates a federal constitutional right. Furthermore, Plaintiffs provide insufficient evidence to establish that Officer Ballard's actions were plainly incompetent or a knowing violation of the law. The Court finds that Plaintiffs have failed to satisfy their burden of showing that qualified immunity should not shield Officer Ballard from suit.

*3. Respondeat Superior*

Defendants argue that Plaintiffs' §1983 claim against the City of Monticello must fail as a matter of law, because Plaintiffs appear to rely on a respondeat superior theory of liability based on the actions of Officer Ballard. A municipality does not incur liability under §1983

simply for wrongdoing by employees. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). However, a municipality may incur liability where there is a custom, policy or practice that violates a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiffs respond that their claim against the City of Monticello should be construed as *Monell* claim. This Court has already determined that Officer Ballard had probable cause to search Plaintiff Cox's law office, so the only remaining issue is whether Plaintiffs have adequate evidence to support a *Monell* claim based on Officer Ballard's seizure of Plaintiffs. Plaintiffs indicate that the department's procedures with respect to entering private property with weapons drawn may be unconstitutional. Plaintiffs refer to Chief Miller's deposition testimony, stating that Officer Ballard followed police department procedures (Miller, p. 56). However, the Court notes that Chief Miller also stated that it is not proper police procedure to hold a gun to someone's head. (Miller, p. 64).

Summary judgment is the "put up or shut up" moment in a law suit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the facts. *Johnson v. Cambridge Indus. Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Plaintiffs do not point to any policy or practice of the City of Monticello police department that led to any violation of Plaintiffs' constitutional rights. Rather, Plaintiffs' version of events is more consistent with the opposite position, that Officer Ballard's actions were contrary to department policy. Plaintiffs claim that Officer Ballard would have faced discipline for his actions if he had not left the department. Chief Miller testified that it would not be proper police procedure to hold a gun to someone's head with a finger on the trigger under the circumstances of this case. (#18-6, p. 17).

Based on the evidence submitted to this Court, the Court concludes that no reasonable trier of fact could conclude that Defendant City of Monticello had a custom, policy, or practice in place that led to any violation of Plaintiffs' constitutional rights. Therefore, Defendants' motion for summary judgment on this claim is granted.

### V.  Summary

For the reasons discussed above, this Court hereby **GRANTS** Motion for Summary Judgment by Defendants Officer David Ballard and City of Monticello **(#17)**. This case is terminated.

ENTER this 7th day of September, 2011.

s/ DAVID G. BERNTHAL<br>
U.S. MAGISTRATE JUDGE